## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**STANLEY MONTGOMERY**                                                                 **PLAINTIFF**

**v.**                                                                                          **No. 1:14CV8-SA-JMV**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS**
**HINDS COUNTY RESTITUTION CENTER**
**WINSTON COUNTY JAIL**                                                                  **DEFENDANTS**


### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Stanley Montgomery, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

Stanley Montgomery was convicted on April 26, 2011, of identity theft and sentenced to five years incarceration, with four years and fifty months probation under the supervision of the Mississippi Department of Corrections. One of the terms of his release was that he work in a restitution center so that he could pay back the victims of his crime. The Restitution Center charged inmates $341.00 per month for rent and meals. On November 16, 2013, Montgomery and three other workers began working a job remodeling apartments. The work lasted twelve hours per day, six or seven days at a stretch. The employer initially agreed to pay for the workers' meals, but the job expanded, more workers were required, and he told the workers could no longer provide meals. Montgomery then asked the Restitution Center commander, Grady McEntee, if the Mississippi Department of Corrections would pay for his meals. McEntee agreed, but provided only two

sandwiches per person over the twelve-hour workday. Sometimes he and the others returned so late to the Center that they missed the evening meal. Montgomery complained that two sandwiches was not enough food to meet the energy requirements of a twelve-hour shift of physical labor, but McEntee just laughed and refused to provide more food. By November 22, 2013, six days after he began the job, Montgomery asked to leave the Restitution Center because he was not receiving enough food to sustain him during the long shifts. As working at the Restitution Center was a requirement of Montgomery's supervised release, his Probation Officer reported him for violation of the terms of release. A warrant was issued for Montgomery's arrest, his probation was revoked at a judicial proceeding, and he was incarcerated.

## Montgomery's Claims

Montgomery claims that his treatment at the Restitution Center was unfair because the he was paying the Restitution Center for room, board, and meals – but the Center did not provide enough food to sustain the type of physical work he was doing. He also believes that the defendants did not follow the correct state procedure for removing him from the work center – and that the procedure used violated his right to due process. As relief, he wants the court to order the defendants to explain why they treated him as they did. He would also like the court to conduct an investigation regarding his detention.

## Discussion

The court must dismiss Montgomery's allegations for failure to state a claim upon which relief could be granted. First, Montgomery only worked on the expanded remodeling job at the Restitution Center for six days. During that time someone, either his employer or the Restitution Center, provided his meals while he was there. Thus, as the defendants did not deprive him of a basic human need for

an unreasonable period of time, he has not stated a claim for unconstitutionally harsh general conditions of confinement. *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995).

His due process claim fails, as well, because he admits that he requested to be removed from the Restitution Center in violation of the terms of his probation. Due process requires that before depriving a citizen of life, liberty, or property, the government must provide notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Fuentes v. Shevin*, 407 U.S. 67 (1972). The warrant for Montgomery's arrest simply directed the arresting officer to remand him to jail until the charge of probation violation could be adjudicated. As Montgomery states in his complaint, on December 17, 2013, he appeared before the Circuit Court of Winston County, Mississippi at a hearing regarding violation of the terms of his post-release supervision. The court held that Montgomery had, indeed, violated those terms and revoked his supervised release. Montgomery was given notice of the reason for his arrest, and a meaningful opportunity to be heard – at a meaningful time – on the issue of violation of supervised release. The court found against him and ordered that he be incarcerated in accordance with the terms of his conviction and sentence. Montgomery has not stated a claim for violation of his right to due process.

## Conclusion

In sum, all of Montgomery's claims are without merit, and the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted, counting as a "strike" under 28 U.S.C. §§ 1915 (e)(2)(B)(i) and 1915(g).

**SO ORDERED**, this, the 28th day of May, 2014.

 **/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**